BENTON, J.,
dissenting.
Among the “others aggrieved” are the voters deprived of the opportunity to cast their votes to decide who will represent them in the Florida House of Representatives from District 113. Yet neither they nor Laura Rivero Levey are at fault in any way or “could,” in the words of the order under review, “have done [anything] differently that would have changed what happened during the week of qualifying (June 16-20).”
In conformity with the qualifying statute, Mrs. Levey timely filed everything the statute called for, including “a properly executed check drawn” on her campaign account for $1,781.82, the full amount of the filing fee. § 99.061(7)(a)l., Fla. Stat. (2014). Although her campaign account contained sufficient funds, the bank initially refused to honor the filing fee check because of a hold it alone had decided to place on the account.* The bank has since acknowledged that the hold was a mistake *1227 on its part and now stands ready to honor the check.
Promptly on being informed of the first check’s dishonor when initially presented, Mrs. Levey tendered a second check, this one certified. While it is true that the second, certified check arrived after qualifying had closed — she was not, after all, told there was any problem before the qualifying period had ended — the certified check was wholly superfluous under the facts of the present case. (Incidentally, the Secretary of State has a policy against accepting certified checks except as “cure checks,” ie., a policy not to accept certified checks if tendered initially along with qualifying papers.)
In the present case, there was no need for any “cure check.” The check Mrs. Levey originally tendered, which the Secretary of State accepted, has never been returned to her. The State needs only to see that it is presented anew to the now apologetic bank and direct the Supervisor of Elections in Miami-Dade County to let the voters choose between Mrs. Levey and Mr. Richardson.